IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZZARD C. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3661 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ezzard C. Howard filed a second amended complaint against Defendants City of Chicago and Officers T. J. Jozefczak and K. J. Mingari, alleging unreasonable seizure, excessive force, and malicious prosecution pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion [38] for partial summary judgment. For the reasons stated below, the motion [38] is respectfully denied.

**I.    Background**[1]

On the night of June 16, 2010, City of Chicago Officers Mingari and Jozefczak drove past the intersection of Lamon Ave. and Augusta Blvd. and saw Howard standing alone on the corner with no apparent purpose. [44 at ¶¶ 8-9, 47 at ¶¶ 1, 6.] The officers were part of a tactical anti-violence, gang, and narcotics suppression team and had observed numerous narcotic activities in that area. [47 at ¶¶ 1, 3.] In the officers' experience, an individual will often wait at a corner to either hand off or receive narcotics. [47 at ¶ 5.] After driving a block past the corner,

---

[1] The Court takes the relevant facts primarily from the parties' Local Rule 56.1 statements. [See 40, 44, 45, 47.] However, to the extent that the statements do not comply with Local Rule 56.1, the Court has disregarded them. See *Malec v. Sanford*, 191 F.R.D. 581, 583-85 (N.D. Ill. 2000); see also *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (reaffirming the court's broad discretion to require strict compliance with local rules). Plaintiff admits many facts only for purposes of this motion. [See 47 at 3 n.1.]

the officers turned around and drove back to find Howard at the same spot. [44 at ¶¶ 11-12, 47 at ¶ 9-10.] In total, the officers observed Howard standing on the corner for about 90 seconds. [44 at ¶ 13.]

At this time, Howard first appeared to notice the officers. [47 at ¶ 11.] He then began to walk away, which the officers considered to be evasive behavior consistent with narcotics-related activity generally and specifically in that area. [44 at ¶ 14, 47 at ¶¶ 12-16.] The officers pulled over and exited their vehicle, intending to do a field interview. [44 at ¶ 15, 47 at ¶¶ 17-18.] Howard looked at the officers but continued to walk away. [44 at ¶ 20, 47 at ¶ 19.] Mingari identified himself as a police officer and walked toward Howard. [44 at ¶ 21, 47 at ¶ 20.] Around this time,[2] Howard put one or more of his hands in his front pants pockets. [44 at ¶¶ 21-22, 47 at ¶ 21.] Based on this conduct, the officers believed that Howard was trying to conceal something or was going for a weapon. [47 at ¶ 23.] Mingari, concerned for his safety, pulled Howard's hand out of his pocket.[3] [44 at ¶ 23, 47 at ¶ 25.]

Howard was charged with possession of a controlled substance, but the case was later terminated. [32 at ¶ 16, 47 at ¶ 31.] Thereafter, Howard filed a second amended complaint against the officers and the City [30], which Defendants answered [32]. Howard now moves for summary judgment on Count I, which alleges unreasonable seizure against the officers. [38.]

## II. Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Mingari testified that Howard put his right hand in his front pants pocket immediately after Mingari announced his office, while Jozefczak testified that Howard put one or more hands in his pockets before the officers exited their vehicle. [44 at ¶¶ 21-22, 47 at ¶ 21.]

[3] The parties agree that, at this point, Howard was seized, making subsequent events immaterial. [See 43 at 6, 46 at 2.]

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. And the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S at 252.

## III. Analysis

In Count I, Howard alleges that Mingari and Jozefczak violated his Fourth Amendment right to be free from unreasonable seizure. The parties agree that, when Mingari pulled Howard's hand out of his pocket, he was seized pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The issue is whether, at that time, the officers had "reasonable suspicion" of a crime, justifying

the *Terry* stop. See *United States v. Odum*, 72 F.3d 1279, 1283-85 (7th Cir. 1995). "Reasonable suspicion" is less than probable cause but more than a hunch. *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000). "When determining whether reasonable suspicion exists, [the Court] examine[s] the totality of the circumstances known to the police at the time of the stop, including the experience of the officers and the behavior and characteristics of the suspect. *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003).

Here, the officers stopped Howard in a high-crime area. This fact, standing along, does not constitute reasonable suspicion, but is "among the relevant contextual considerations in a *Terry* analysis." *Wardlow*, 528 U.S. at 124. Howard also was standing on a corner, at night, with no apparent purpose. He immediately dispersed upon noticing the officers, looked back at them while walking away, and put his hand in his pocket when Mingari identified himself. While refusing to cooperate, without more, does not justify a *Terry* stop, "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." *Id.* at 124-25. The officers testified that, based on their experience, Howard's behavior was consistent with the drug-related activity that they had previously observed at that corner. See *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (noting that police officers may "draw on their own experience and specialized training" in forming a reasonable suspicion). This is a close call, but when viewing the totality of the circumstances, including the considerable experience of the officers, the Court concludes that a trier of fact could find that the *Terry* stop to have been supported by reasonable suspicion such that summary judgment for Plaintiff would not be appropriate.

Howard attempts to distinguish similar Seventh Circuit cases cited by the officers (see *United States v. Maclin*, 313 F. App'x 886 (7th Cir. 2009); *United States v. Harris*, 218 F. App'x 525 (7th Cir. 2006)), by arguing that "the alleged manner in which [Howard] supposedly walked

4

away was vastly different." [46 at 5.] There are three problems with this argument. First, it implies a piecemeal approach, which is contrary to a "totality of the circumstances" analysis. See *Arvizu*, 534 U.S. at 274 (criticizing the lower court's "evaluation and rejection of seven of the listed factors in isolation from each other"). Second, Howard attempts to dispute the officers' version of the facts—specifically whether Howard was nervous and evasive or merely "going about his business" after noticing the officers—which counsels against an award of summary judgment. See *Foley*, 359 F.3d at 928 (in determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party."). And third, Howard fails to support his position with any similar cases from this Circuit.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion for partial summary judgment on Count I [38] is respectfully denied.

Dated:  August 22, 2012                    _____
                                           Robert M. Dow, Jr.
                                           United States District Judge